**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID KLUCKA,

            Plaintiff(s),

vs.

JONATHAN POWELL, et al.,

           Defendant(s).

Case No. 2:15-cv-01609-RCJ-NJK

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING MOTION TO FILE OVERSIZED COMPLAINT

      Concurrently herewith, the Court is issuing an order granting Plaintiff's application to proceed *in forma pauperis*. The Court will therefore screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). When the Court screens a complaint, it generally focuses its attention on whether the plaintiff has sufficiently alleged a claim to survive the standards enunciated under Federal Rule of Civil Procedure 12(b)(6). The Court also ensures that the complaint complies with the requirement to contain a "short and plain" statement of the claims as required under Federal Rule of Civil 8. *See, e.g.*, *Giraldes v. Oania*, 2014 WL 3867477, *1-2 (E.D. Cal. Aug. 6, 2014). The complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).[1]  Rule 8 has been violated when a complaint is needlessly long, highly

---

[1] Allegations in a *pro se* pleading are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, *pro se* litigants must follow the rules of procedure like other litigants, including Rule 8. *E.g., Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 99295, *2 (D. Nev. Jan. 9, 2014) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

repetitious, confused, or comprised of incomprehensible rambling. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Where claims are brought against multiple defendants, it is important that the complaint concisely alleges which defendants are liable for which wrongs. *See McHenry*, 84 F.3d at 1178. Similarly, where multiple claims are brought, the complaint should make clear which factual allegations purport to give rise to each of the various causes of action. *See id.* Complaints that fail to comply with these requirements are subject to dismissal with prejudice. *See, e.g.*, *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Prior to dismissal with prejudice, however, the Court should consider whether less drastic alternatives are available. *Id.* at 674.

In this instance, Plaintiff's complaint consists of 140 pages. Docket No. 1-1. The complaint is a mix of the form used for claims under 42 U.S.C. § 1983, various hand-written inserts, and interspersed exhibits of legal authority and/or evidence. *See id.* The complaint at times refers generically to "crimes" committed against Plaintiff and violation of his "civil rights." *See, e.g.*, *id.* at 2. Suffice it to say, the Court finds that the complaint has not provided the clarity needed to give clear notice of the claims being alleged and is needlessly long. Because the complaint is so prolix and convoluted, the Court cannot screen the complaint to determine whether plaintiff states a claim and must instead order plaintiff to file an amended complaint that complies with Rule 8.

For the reasons stated above, Plaintiff's complaint is hereby **DISMISSED** with leave to amend. Accordingly, **IT IS ORDERED** that:

> (1) Plaintiff's complaint is **DISMISSED** for failing to comply with Rule 8, with leave to amend. Plaintiff will have until **October 13, 2015** to file his amended complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original Complaint and any other subsequently-filed amended complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Instead, Plaintiff's amended complaint must be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint each claim and the

involvement of each defendant must be sufficiently alleged in a concise and reasonably clear manner. <u>Failure to comply with this Order may result in the recommended dismissal of this case, without prejudice.</u>

(2)  For the same reasons as outlined above, the motion for leave to file an oversized complaint (Docket No. 2) is hereby **DENIED**.

Dated: September 10, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE