UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KLUCKA, | Case No. 2:15-cv-01609-RCJ-NJK |
| Plaintiff(s), | |
| vs. | REPORT AND RECOMMENDATION |
| JONATHAN POWELL, et al., | |
| Defendant(s). | |

On September 10, 2015, the Court granted Plaintiff's request to proceed in this case *in forma pauperis*. Docket No. 6. The Court did not at that time evaluate the sufficiency of Plaintiff's allegations to state a claim because he failed to comply with the requirement in Rule 8 of the Federal Rules of Civil Procedure to submit a short and plain statement of his claims. Docket No. 7. Now pending before the Court is Plaintiff's amended complaint. Docket No. 9.

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff brings claims under 42 U.S.C. § 1983 arising from the alleged conduct of Defendant Powell and Defendant Logan (Plaintiff's criminal attorney and private investigator, respectively) in allegedly coercing him to accept a plea agreement. *See, e.g.*, Docket No. 9 at 5. A threshold requirement for proceeding with any § 1983 claim is that the defendants acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that attorneys, whether retained or appointed, do not act "under color of state law" in representing a plaintiff in a criminal proceeding. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 318-19 & n.7 (1981). As such, Defendant Powell was not a state actor. Moreover, the other defendants are a private investigator and insurance providers, *see* Docket No. 9 at 2-3, none of whom are state actors.

//
//
//
//

Plaintiff's claims fail as a matter of law because none of the defendants acted under color of state law. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED: November 5, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).